UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| KURT SONNIER | : | DOCKET NO. 06-1554 |
| --- | --- | --- |
| VS. | : | JUDGE MINALDI |
| REPUBLIC FIRE & CASUALTY INSURANCE CO. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

On July 28, 2006, Kurt Sonnier filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendant was Republic Fire & Casualty Insurance Co. Plaintiff alleges that his home was damaged as a result of Hurricane Rita, and that he lost use of his home. (Petition, ¶¶ 4-5). Republic was plaintiff's homeowner's insurer. *Id*. at ¶ 3. Plaintiff alleges that Republic failed to fully pay for the repairs to his home. *Id*. at ¶ 7. Accordingly, plaintiff seeks to recover all costs of repairs, loss of use of the home, plus penalties and attorney's fees pursuant to Louisiana Revised Statutes 22:658 and 22:1220. *Id*. at ¶¶ 8-11.

On September 11, 2006, State Farm removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On September 12, 2006, plaintiff filed the instant motion to remand [doc. # 7] on the basis that the requisite threshold amount for the exercise of diversity jurisdiction ($75,000+) is lacking. The matter is now before the court.[1]

In cases removed to federal court on the basis of diversity, it is incumbent upon the removing defendant to prove by a preponderance of the evidence that the amount in controversy

---

[1] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

exceeds $75,000. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)(citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d. 295 (5th Cir. 1999)).

In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id*. Here, the petition contains no such limitation. Thus, plaintiff has, in effect, conceded in his state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $75,000.

The foregoing notwithstanding, we further note that plaintiff has asked for damages equal to "the cost of *all* repairs to his home." (Petition, ¶ 8)(emphasis added). Defendant has adduced a May 1, 2006, demand letter from plaintiff's counsel, and attached thereto, an itemization of estimates and expenses totaling $ 61,827.10. (Def. Exh. C). This sum coupled with penalties of at least 25 percent, and attorney's fees easily push the amount in controversy beyond $ 75,000. *See*, La. R. S. 22:658 & 22:1220.[2]

Plaintiff contends that his claim should be reduced by $ 37,601.28 – the amount that Republic paid to plaintiff prior to removal. (*See*, Notice of Removal, ¶ 17). However, the plain

---

[2] This calculation does not include plaintiff's damages for loss of use of his home.

2

terms of plaintiff's petition reveal that he seeks damages consisting of "all" repair costs, not merely the unpaid balance of his repair costs. (Petition, ¶ 8).

Plaintiff's "claim, whether well or ill founded in fact, fixes the right of the defendant to remove . . ." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 593 (1938). Moreover, the amount in controversy is not reduced even if from the face of the complaint, defendant has a valid defense to all or part of a claim. *Id*. Despite recognizing in his May 1, 2006, letter that Republic had already remitted $ 10,728.57, plaintiff's counsel sought payment of the policy limits. (Def. Exh. C). Republic's coverage for the dwelling is $ 67,600. (Def. Exh. I). Thus, plaintiff clearly seeks to recover more than merely the unpaid balance of his repair costs. These additional facts alternatively establish the requisite jurisdictional minimum.[3]

Accordingly, the undersigned finds that defendant has established by a preponderance of evidence that the amount in controversy exceeds $ 75,000. We may properly exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 7] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

---

[3] Plaintiff has not argued nor otherwise established that it is "legally certain" that his claims are less than the requisite jurisdictional amount. *See, De Aguilar v. Boeing*, 47 F.3d 1404, 1411 (5th Cir. 1995).

**BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on November 22, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE