# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KURT SONNIER | : | DOCKET NO.  06-1554 |
| VS. | : | JUDGE MINALDI |
| REPUBLIC FIRE & CASUALTY INSURANCE CO. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is plaintiff's motion for leave to file a supplemental and amending

motion to remand with supplemental stipulation stating that the amount in controversy is a sum

certainly below the jurisdictional minimum and renouncing any right to an amount greater than

the jurisdictional amount.  [doc. # 24].  In plaintiff's previous motion to remand, he alleged *inter*

*alia* that the amount in controversy did not exceed $75,000. [doc. # 7].  On January 17, 2007,

plaintiff's motion to remand was denied by judgment [doc. # 19] adopting the report and

recommendation of November 22, 2006.  [doc. # 18].  No opposition to the report and

recommendation had been filed prior to judgment.  The defendants oppose the motion seeking

leave to file the supplemental and amending motion to remand.  For reasons set forth below, we

find that the plaintiff's motion is futile, and therefore leave to file the motion is denied.[1]

The Fifth Circuit has stated that post-removal events cannot divest a court of federal

subject matter jurisdiction once it has attached.  *Miller v. Home Depot U.S.A. Inc.*, 2002 U.S.

Dist. LEXIS 11309 (W. D. La. 2002) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*,

---

[1]   The supplemental and amending motion to remand has been referred to the undersigned
for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

303 U.S. 283, 82 L. Ed. 845, 58 S. Ct. 586 (1938)).  Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).

In the instant case, the plaintiff did not file a stipulation that the amount in controversy was insufficient for jurisdiction, or limiting his recovery to an amount below $75,000, with his complaint.  Now, in his motion to file a supplemental and amending motion to remand, the plaintiff states that "[a]s a result of discovery in this case, it has become clear that plaintiff's damages, including penalties and attorney's fees, do not exceed $75,000.  More particularly, an updated repair estimate, performed after some repairs were made, establish [sic] that the cost to complete repairs to the property is in the amount of $37,820.00." [doc. # 24-2].  Included with the motion is a stipulation dated May 31, 2007 that attempts to reduce the plaintiff's amount in controversy below the jurisdictional minimum.  [doc. # 24-5, Exhibit 2].

Post-removal affidavits or stipulations may be considered only in limited circumstances.  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).  When, on the other hand, the amount in controversy is clear from the face of the complaint,

2

post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Gebbia*, 233 F.3d at 883.

In the court's earlier judgment, we found that the amount in controversy was clear from the face of the complaint, and that adding penalties and attorney's fees to the plaintiff's demands more than satisfied the $75,000 jurisdictional minimum. Therefore amount in controversy was not ambiguous at the time of filing of the complaint and the post-removal stipulation which the plaintiff now seeks to file cannot deprive this court of jurisdiction. Filing of the motion would therefore be futile.

For the foregoing reasons,

The plaintiff's motion to file supplemental and amending motion to remand [doc. # 24] is hereby DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 2, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

3